BURON KEETON V. THE STATE.

No. 18956.   Delivered April 21, 1937.
Rehearing Denied (Without Written Opinion) June 23, 1937.

The opinion states the case.

*C. S. Farmer,* of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of rape, and his punishment was assessed at confinement in the state penitentiary for a term of forty years.

Appellant presents three grounds by separate bills of exception upon which he relies for a reversal of this case. The first ground of complaint is that the State was permitted to prove its case by circumstantial evidence when it had the girl upon whom the alleged offense was committed present in court and declined to offer her as a witness. We know of no rule in law which requires the State to offer testimony which it believes to be tainted, nor do we have any rule which authorizes one accused of crime to direct the State's course in the development of its case. If the State preferred to establish the defendant's guilt by circumstantial evidence rather than by direct testimony, we see no reason why it should not be permitted so to do. We therefore overrule appellant's contention. See Pugh v. State, 69 Texas Crim. Rep., 357; Davis v. State, 57 Texas Crim. Rep., 545.

His second ground of complaint is that the court overruled his objection to the introduction as evidence of a purported confession because it was not voluntary but a coerced confession. Appellant did not testify, but the assistant district attorney to whom the confession was made testified: "I took a written statement from him concerning this offense. I warned him that he didn't have to make any statement at all and that any statement he might make would be used in evidence against him upon the trial involving this offense. He made the statement voluntarily and signed it. I didn't tell him I had enough evidence to convict him without his statement. I had talked to the two boys and told him what their testimony would be. I asked him if he didn't think it would be better to come out and tell the truth about it; if it wouldn't make him feel better; and after he made his statement he said, 'I feel lots better about it since I have told the truth.'" No testimony was offered by the appellant which showed that the purported confession was coerced. The court, however, instructed the jury on the law of circumstantial evidence and also instructed the jury that before they would be warranted in considering the purported confession for any purpose it must be found to have

been freely and voluntarily made and not induced by duress, threats, or coercion on the part of the person taking the same. No objection was made to the court's charge. It is our opinion that the appellant's contention is not well founded.

The third and last complaint is that the court erred in refusing to grant appellant's motion for a new trial because the prosecutrix had retracted and repudiated her testimony given upon the trial. The only testimony given by the alleged assaulted girl related to her age and her relationship to the appellant. In her affidavit which is attached to the motion for a new trial she avers that she is the daughter of appellant, but does not deny that she was under the age of fifteen years at the time of the commission of the alleged offense. Hence there is no contradiction or repudiation of her testimony.

We have carefully read and considered the testimony adduced upon the trial and deem it sufficient to sustain the conviction.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.